IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SAJADE WEBSTER, Individually and**                    **PLAINTIFFS**
**as Natural Mother of Minor Children,**
**T.S., J.G.; and JIMMY GREEN**

**V.**                                                       **NO. 4:21-CV-7-DMB-JMV**

**BUILDERS TRANSPORTATION CO.,**
**LLC; ADARIUS JUAN BROWN; and**
**John Doe Defendants, I-X**                                        **DEFENDANTS**

## ORDER

Before the Court is Hornady Transportation LLC's "Motion for Partial Dismissal on the Pleadings." For the reasons below, the motion will be granted.

## I
## Procedural History

On March 25, 2021, Sajade Webster, individually and on behalf of her two minor children, and Jimmy Green filed a four-count amended complaint[1] in the United States District Court for the Northern District of Mississippi against Hornady Transportation, LLC, Adarius Juan Brown, and John Doe Defendants I-X. Doc. #21. Asserting diversity jurisdiction, the plaintiffs allege claims for negligence, vicarious liability, and compensatory damages arising from a vehicular accident. *Id.* at 4–7. The next day, Hornady filed its answer and affirmative defenses. Doc. #22. Brown filed his answer and affirmative defenses on May 27, 2021. Doc. #36.

---

[1] The original complaint was filed January 25, 2021. Doc. #1. Before service of an answer or responsive pleading, the plaintiffs filed an amended complaint on March 9, 2021, and several days later, moved to amend, attaching a proposed "First Amended Complaint" as an exhibit. Docs. #9, #14, #14-1. Before the Court addressed the motion to amend, the plaintiffs filed an "Amended Complaint" on March 23, 2021. Doc. #17. That same day, the plaintiffs refiled the pleading as a "corrected proposed exhibit" to the motion to amend. Doc. #18. After leave to amend was granted, Doc. #20, the plaintiffs filed the governing amended complaint on March 25, 2021. Doc. #21.

On June 8, 2021, Hornady filed a "Motion for Partial Dismissal on the Pleadings"[2] pursuant to Federal Rule of Civil Procedure 12(c). Doc. #39. No response was filed.[3]

## II
## Standard of Review

"The standard for dismissal under [Federal Rule of Civil Procedure] 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). To survive a motion for judgment on the pleadings, as with a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A complaint meets this standard when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a Rule 12(c) motion, a court must "view all facts and inferences in the light most favorable to the nonmoving party." *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017).

## III
## Factual Allegations

On or about December 16, 2020, Brown, acting in the course and scope of his employment with Hornady, was driving a freightliner owned by Hornady on Interstate 55 in Carroll County, Mississippi. Doc. #21 at 3. Webster was driving a vehicle in the same direction with Green and two minors as passengers. While Webster was passing Brown in the left lane, "Brown turned his vehicle into the left lane of travel … forcing the Plaintiffs' [sic] into the median where it traveled until hitting a bridge abutment, and spinning around several times

---

[2] The same day, Hornady also moved to amend its answer to correct two typographical errors and modify an affirmative defense. Doc. #37. With the Court's leave, Doc. #47, Hornady filed an amended answer on June 28, 2021, Doc. #48.

[3] Contrary to Local Rule 7(b)(3)(A), the plaintiffs did not notify the Court of their intent not to respond.

before coming to its final rest." *Id.* Brown did not stop his vehicle when the incident occurred and continued driving until he was pulled over by law enforcement. *Id.* As a result of the incident, Webster and all three passengers sustained injuries and Webster's vehicle sustained damage. *Id.*

## IV
## Analysis

In Count Two of the amended complaint, the plaintiffs bring direct negligence claims against Hornady independent of the vicarious liability claims against Hornaday based on Brown's alleged negligence. Doc. #21 at 5–6. Also imbedded in Count Two are claims that Hornady "aided and abetted their employees" or "conspired with their drivers" to violate Mississippi or Federal motor vehicle laws. *Id.* at 6.

Hornady seeks dismissal of the claims against it in Count Two. Doc. #39. With respect to the direct negligence claims, Hornady, pointing out that its answer to the amended complaint admits that Brown "was an employee of Hornady and in the course and scope [of his employment] at the time of the accident," argues that "when an employer admits that its employee was in the course and scope of employment at the time of [a] motor vehicle accident, the employer becomes vicariously liable for torts of its employee (to the extent the employee is liable for any tort), and therefore independent claims against the employer are barred" as moot. Doc. #40 at 1–2. Hornady also argues the aiding and abetting and conspiracy claims should be dismissed because they lack factual support and "are nothing more than bare conclusions of intentional conduct." *Id.* at 7–8.

As mentioned above, the plaintiffs failed to respond to Hornaday's motion to dismiss. Fifth Circuit precedent provides that "failure to pursue [a] claim beyond [the] complaint

constitute[s] abandonment." *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). Thus, the plaintiffs' failure to present any argument why the claims against Hornady should not be dismissed amounts to an abandonment of such claims. *See id.*

Even if the claims against Hornaday were not properly dismissed as abandoned, federal courts in Mississippi have regularly held that when vicarious liability is not disputed, "all direct negligence claims against the employer, such as negligent hiring, training, retention, entrustment, supervision, and maintenance, are due to be dismissed." *Clark v. Lard Oil Co., Inc.*, No. 2:18-cv-109, 2019 WL 5802379, at *3 (S.D. Miss. Sept. 6, 2019); *see Dinger v. Am. Zurich Ins. Co.*, No. 3:13-cv-46, 2014 WL 580889, at *2 (N.D. Miss. Feb. 13, 2014) (explaining that "the independent negligence claims against the employer should not be an issue at trial" where vicarious liability is deemed admitted); *Coleman v. Swift Transp. Co. of Ariz., LLC*, No. 3:13-cv-3, 2014 WL 3533322, at *5 (N.D. Miss. July 16, 2014) (dismissing independent negligence claims against employer where vicarious liability is undisputed). Further, because the plaintiffs' amended complaint wholly fails to include any facts related to the alleged conspiracy or aiding and abetting, such claims are also properly dismissed. *See Bowden v. Young*, 120 So. 3d 971, 981 (Miss. 2013) (plaintiff must at a minimum establish an underlying tort before bringing civil conspiracy and aiding and abetting claims).

## V
## Conclusion

Hornady's "Motion for Partial Dismissal on the Pleadings" [39] is **GRANTED**. All claims in Count Two of the amended complaint are **DISMISSED without prejudice**.

**SO ORDERED**, this 28th day of February, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**